MARÍA ALICEA DE JESÚS, Plaintiff and Appellee, v. BAUTISTA NIEVES ET AL., Defendants; RAFAEL VILLAMIL, Intervener and Appellant.

No. 5708.   Argued March 9, 1932.—Decided March 31, 1932.

Largé & Acevedo for appellant.   R. Muñoz Ramos for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

María Alicea, a widow, brought an action of debt in the District Court of San Juan against two persons and attached

property belonging to one of them to secure the judgment. Rafael Villamil claimed the said property as belonging to him and filed a complaint in intervention (*tercería*) against María Alicea and the two defendants. The latter failed to appear and their default was entered, but María Alicea appeared and filed a demurrer to the complaint in intervention. The demurrer was overruled on October 6, 1930, and demurrant was granted ten days for filing an answer to the complaint. María Alicea having failed to answer, her default was also entered on motion of the intervener, and thereafter the court rendered judgment sustaining the complaint in intervention as against the three defendants. Seven days afterward defendant María Alicea moved the court to set aside the entry of the default and also the judgment as to her, relying on section 140 of the Code of Civil Procedure and on the fact that she was unable to answer the complaint because she had not been notified of the decision overruling her demurrer and granting her ten days for filing her answer. The intervener opposed the motion on the ground that the service of the notice appeared from the papers filed in the case and the court denied the motion on the ground that defendant María Alicea was served with notice of the judgment sustaining the complaint in intervention. Two months later the same defendant moved the court to reconsider its previous decision, and the court set aside the default of María Alicea and also the judgment as to her, on the grounds that the title of the order overruling the demurrer was identical with that of the principal action and different from that of the intervention proceeding, and that it referred to the demurrers filed by the defendants and not to the demurrer interposed by María Alicea. The present appeal has been taken by Villamil from the above decision. We must state here that the following note literally transcribed appears at the foot of the order entered on the demurrers: "Served with copy hereof this 7th of October, 1930. P. N. Colberg, Clerk." No other

return of the service of notice of the above order appears from the papers before us.

The record fails to show the service of notice of the order overruling the demurrer and granting a term for filing an answer as required by Act No. 33, Sess. Laws of 1915, p. 64; nor is the note written by the clerk to the effect that the notice had been served, without mentioning the person so served, equivalent to the notice required by the statute; and, therefore, when the appellee called attention to such defect the court should have set aside the entry of the default and the judgment rendered as to the appellee. This was not done by the court because of the mistaken view that as notice of the judgment had been served, appellee's motion did not lie. In view of the foregoing, the court did not err in reconsidering its former decision and in granting that which was proper and it had denied, since without the notification required by law the ten days allowed to the defendant in intervention for filing an answer did not begin to run. The fact that the reconsideration was sought and obtained after the judgment had become final, was no obstacle as claimed by the appellant, because what the court did was to make the order that it ought to have made before. Nor was it an obstacle the fact that the appellee was not entitled to interpose a demurrer in the intervention proceeding, as the appellant urges, because even though this were so it is a fact that the intervener did not oppose the filing of such demurrer. The decisions in *Casillas* v. *District Court*, 38 P.R.R. 656; *Figueroa et al.* v. *Sepúlveda*, 24 P.R.R. 645; and *Pérez* v. *Succession of Collado*, 19 P.R.R. 399, cited by the appellant, have no application in the case at bar.

The order appealed from must be affirmed.